UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ADAM FLANDERS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-cv-00283-GZS |
| | ) | |
| ATHENAHEALTH, INC., | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON MOTION TO SEAL

Plaintiff attached to his complaint certain documents that included personal identifying information in violation of Federal Rule of Civil Procedure 5.2 and District of Maine Local Rule 49.1. After receiving notification of the violation, Plaintiff filed a motion to seal the attachments to the complaint. (Motion, ECF No. 7.) Plaintiff also asks the Court not to publish "private or confidential medical information" in its future orders. (Motion at 2.)

When the Court considers a motion to seal, the Court must be mindful that the law recognizes a presumption "of public access to judicial proceedings and records." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). As the First Circuit has acknowledged, however, "[t]hough the public's right to access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id.* at 59 (quoting *Siedle v. Putnam Inv., Inc.,* 147 F.3d 7, 10 (1st Cir. 1998)). In its assessment of a request to seal, the Court is required to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case."

*Id*.

The attachments to the complaint include personal identifying information and some medical information that might not be pertinent to an assessment of Plaintiff's claim. After consideration of Plaintiff's privacy right and the public's right to access, the Court concludes that the seal of the attachments to Plaintiff's complaint is warranted. A seal of the records would avoid, at least at the present time, the need to distinguish between the relevant and non-relevant medical information. In addition, the public's interest would not be compromised given that the detail Plaintiff included in the complaint provides sufficient information about the bases of Plaintiff's claim. If the relevance of all or a portion of the attachments becomes evident as the case proceeds, upon request, the Court will revisit the issue.

As to Plaintiff's request that the Court not publish his medical information in any future orders, because Plaintiff's medical information conceivably could be central to some of the decisions the Court must make in this matter, given that the public interest in access to judicial decisions and the record upon which the decisions are based is of "paramount" significance, *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987), the Court cannot determine in advance that the information should be sealed. The Court thus denies Plaintiff's request, subject to Plaintiff's ability to request that the Court seal specific medical information that is filed in the future.

Based on the foregoing analysis, the Court grants in part and denies in part Plaintiff's

motion to seal. The attachments to Plaintiff's complaint shall be sealed.[1] This order shall not be sealed.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of July, 2019.

---

[1] The Court's docket will also reflect the alternative address provided by Plaintiff.