# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ADAM FLANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:19-cv-00283-GZS |
| | ) |
| ATHENAHEALTH, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER IN LIEU OF PRE-FILING CONFERENCE

The Court has reviewed Defendant's Notice Of Intent To File Motion For Summary Judgment And Need For Pre-Filing Conference (ECF No. 20) and Defendant's Preconference Memorandum (ECF No. 22). The Court notes that Plaintiff, who is appearing pro se, has made no filings in response to these filings but has agreed that no pre-filing conference is necessary. Having reviewed Defendant's filings, the Court concludes that no conference is necessary and hereby ORDERS that the following procedure be followed in connection with the to-be-filed motion:

On or before **March 27, 2020**, the parties shall file a joint stipulated record using the "Stipulated Record" event in CM/ECF. The first page of the Stipulated Record shall consist of a list describing each exhibit submitted. Each exhibit shall then be clearly labeled and separately attached to this filing. The Stipulated Record may include any exhibits and depositions[1] (including any exhibits to the depositions) that both sides agree will be referenced in the statements of material fact. The inclusion of any exhibit in the Stipulated Record does not prevent any party from later

---

[1] To the extent any depositions are filed, the parties shall endeavor to ensure that any deposition excerpt is complete and includes all relevant pages. In the absence of an agreement on what constitutes a complete deposition excerpt, the parties shall include the complete deposition in the joint record.

objecting to the admissibility of the document. Likewise, the submission of a joint record does not prevent either side from submitting additional documents with their respective statements of material fact.

The Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact. The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for the purposes of the to-be-filed summary judgment motion. See D. Me. Local Rule 56(g). Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact. The parties are free to submit any stipulations on or before **March 27, 2020**.

On or before **April 2, 2020**, Defendant shall file its outlined motion for summary judgment. The motion for summary judgment shall not exceed twenty (20) pages.

On or before **April 24, 2020**, Plaintiff shall file his opposition to the pending motion for summary judgment. This response shall not exceed twenty (20) pages.

On or before **May 8, 2020**, Defendant shall file its reply in support of Defendant's motion for summary judgment, which shall not exceed ten (10) pages.

The Court also expects the parties' summary judgment filings will comply with all aspects of Local Rule 56. Absent prior court approval, Defendant's statement of material facts shall not exceed seventy-five (75) paragraphs. Any additional statement of material facts by Plaintiff shall not exceed seventy-five (75) paragraphs. The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a statement of material facts. Absent a specific citation, the Court has no duty to consider any part of the record submitted. To the extent any party will rely on a page of the joint record for a specific citation, the Court encourages the parties

to use the "PageID #" generated by CM/ECF, particularly if the alternative pin citation may not be readily apparent to the Court.

With respect to the prior Scheduling Order deadlines (ECF Nos. 12 & 17), it appears that the only deadlines that may remain after the anticipated motion for summary judgment is the ready for trial deadline and any trial-related motions deadlines. These deadlines shall remain stayed until the Court issues its ruling on the motion for summary judgment. To the extent that issues remain for trial after the motion for summary judgment is decided, the Court anticipates that this case will be placed on the next available trial list following the Court's summary judgment decision and that pre-trial motions shall, to the extent practicable, be filed prior to any final pretrial conference.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 5th day of March, 2020.